**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CAROLYN ISLAND and JEANETTE CARTER,                                                    PLAINTIFFS
o/b/o a class of similarly situated persons

v.                                          No. 4:11CV00706 JLH

THE GUARANTEE COMPANY OF
NORTH AMERICA USA                                                                              DEFENDANT

**OPINION AND ORDER**

Carolyn Island and Jeanette Carter commenced this action in the Circuit Court of Pulaski County, Arkansas, on behalf of a class of similarly situated persons, against The Guarantee Company of North America USA. Guarantee removed the action to this Court because the parties are citizens of different states. Island and Carter have moved to remand the action, arguing that this Court is without subject matter jurisdiction because the amount in controversy does not meet the requirements of 28 U.S.C. § 1332(a) and (d). The Court grants the motion to remand.

The plaintiffs represent a certified class that, in the Pulaski County Circuit Court, has been granted partial summary judgment and damages of nearly $2.8 million against USA Check Cashers of Little Rock, Inc., a company that is insolvent. In their complaint, the plaintiffs allege that Guarantee is a surety company that issued two surety bonds totaling $100,000 on behalf of Check Cashers, and that Guarantee has refused to satisfy its legal obligation as a surety by refusing to make payment in the face amount of the bonds. The plaintiffs filed their complaint with the circuit court on August 25, 2011. On September 27, 2011, Guarantee removed the action to this Court. The plaintiffs moved to remand the case soon thereafter. The parties disagree as to whether the amount in controversy on the plaintiffs' claim exceeds $75,000 as required under 28 U.S.C. § 1332(a), and

likewise they disagree as to whether the plaintiffs are a certified class, whereby the amount in controversy would be required to exceed $5 million as provided in 28 U.S.C. § 1332(d).

In reviewing a motion to remand, the Court must resolve all doubts in favor of remand to state court. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking to invoke federal jurisdiction has the burden of proving that the requisite amount in controversy has been met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). The amount in controversy is determined by examining "the situation at the time of removal." *Id.* If Guarantee shows that the amount in controversy on the plaintiffs' claims are greater than $75,000 when aggregated, or that a single plaintiff's claim is greater than $75,000, then the action is removable, assuming that the plaintiffs are not a certified class. *See* 28 U.S.C. §§ 1332(a), 1367. Alternatively, if the plaintiffs are a certified class, the action is removable if Guarantee shows that the amount in controversy for the claims of the class, when aggregated together, exceeds $5 million. *See* 28 U.S.C. § 1332(d). The Court need not decide whether the plaintiffs are a certified class for purposes of this action, however, as either scenario would still result in a remand.

In 2005, Congress adopted the Class Action Fairness Act, which establishes that a class-action amount in controversy must exceed $5 million and requires that the claims of class-action plaintiffs be aggregated in order to determine whether this minimum is met. *See* 28 U.S.C. § 1332(d)(6). As the plaintiffs in this action are suing to recover only $100,000 in damages, plus attorneys' fees and costs, it is clear that they fall far short of meeting the statutory requirement for a class-action amount in controversy. Guarantee does not argue otherwise. It is therefore undisputed that the plaintiffs do not meet the class-action amount-in-controversy requirement.

It is outside the realm of class-action law, however, where Guarantee stakes its argument for removal.[1] Guarantee does not argue that an individual plaintiff's claim exceeds $75,000, which would open the door for all of the plaintiffs to get into federal court. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 125 S. Ct. 2611, 2615, 162 L. Ed. 2d 502 (2005) ("[W]here . . . at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount . . . ."). Instead, Guarantee contends that "there are no individual claims" in this case, as "[a]ny alleged right to recovery . . . stems from this single judgment." Def.'s Response to Pl.'s Motion to Remand, p. 2. In other words, Guarantee argues, this is a case where multiple individual plaintiffs are asserting a "common and undivided interest," thus their claims can and should be aggregated, which would make the amount in controversy at least $100,000 and satisfy 28 U.S.C. § 1332(a). The Court disagrees.

It is true that "when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 250 (8th Cir. 1987) (quoting *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294, 94 S. Ct. 505, 508, 38 L. Ed. 2d 511 (1973)). But it is also true that this is a narrow exception to the "well-established rule that each of several plaintiffs asserting separate and distinct claims must satisfy the jurisdictional-amount requirement if his claim is to survive a motion to dismiss." *Zahn*, 414 U.S. at 300, 94 S. Ct. at 511 (citing *Snyder v. Harris*,

---

[1] Guarantee argues that class-action law does not apply because the plaintiffs have not been certified by this Court as a class, nor have they requested such certification. Again, the Court need not decide this issue.

394 U.S. 332, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969)); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000) ("[T]here appears to be a common thread in the relevant case law - the presence of a 'common and undivided interest' is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally."), 1 McLaughlin on Class Actions § 2:6 (7th ed.) ("Most courts have recognized a common and undivided interest sparingly . . ."). In determining whether the broad rule or the narrow "common fund" exception applies to a set of facts, "what controls is the nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs." *Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1427 (2nd Cir. 1997). "An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1079 (8th Cir. 2003) (citation omitted) (finding that it was not enough that the dispute involved a common piece of property because the class members did not share a common interest in the collection of a single liability). Plaintiffs share a common and undivided interest only when the defendant owes an obligation to the plaintiffs as a group and not to the individuals severally. *Morrison*, 228 F.3d at 1262. The paradigm "common fund" cases involve "claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral, which [plaintiffs] claim as common owners or in which they share a common interest arising under a single title or right." *Gilman*, 104 F.3d at 1424.

Guarantee has the burden of proof in removal and has not shown the that the plaintiffs have a common and undivided interest in the funds that they seek. The plaintiffs in a class action do not share a joint interest in the entire amount to be recovered, nor, in the current action, the entire

amount of the surety bonds issued to the company against which judgment was entered. As the Second Circuit has stated, there is a distinct difference between the "common fund" that results in aggregation and the recovery that results from a successful class action:

> Such a [class action] "fund" is created to facilitate the litigation process in virtually every class action, and has nothing necessarily to do with whether the plaintiffs shared a pre-existing (pre-litigation) interest in the subject of the litigation. . . . To call any recovery that a class might win a "fund" to which the class plaintiffs are jointly entitled is "merely added verbiage. There is no fund. The claim remains one on behalf of . . . separate individuals for the damage suffered by each due to the alleged . . . conduct of defendant . . . ."

*Gilman*, 104 F.3d at 1427 (citation omitted) (finding no aggregation). The only argument that Guarantee has advanced is that the claims should be aggregated because they arise from a single class-action judgment and seek the surety bonds in partial satisfaction of that judgment. Guarantee has failed to show that the plaintiffs have a common and undivided interest in the funds they seek. The plaintiffs' individual claims therefore cannot be aggregated to meet the amount-in-controversy requirement. *See also Morrison*, 228 F.3d at 1264 (agreeing with the Second Circuit's distinguishing in *Gilman* of a "common fund permitting aggregation" from "the common fund that is usually generated in any class action"), *Crenshaw v. Great Cent. Ins. Co.*, 482 F.2d 1255, 1259 (8th Cir. 1973) (quoting *Clay v. Field*, 138 U.S. 464, 11 S. Ct. 419, 34 L. Ed. 1044 (1891) ("[W]here [plaintiffs'] interests are distinct, and their only relationship is that 'they form a class of parties whose rights or liabilities arose out of the same transaction, or have a relation to a common fund or mass or property sought to be administered, such distinct demands or liabilities cannot be aggregated.'"); *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 780 (5th Cir. 1963) (district court did not have jurisdiction of suit by three plaintiffs against insurer for recovery under one policy because

each plaintiff's recovery did not depend on the recovery of others but rested upon its own evidence and merits).[2]

As Guarantee has not shown that the amount in controversy can be met under 28 U.S.C. § 1332(a) or § 1332(d), the action is remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED this 9th day of December, 2011.

J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[2] Notably, the only case cited by Guarantee in its argument for "common fund" aggregation is a case where the Eleventh Circuit found *no* aggregation in regards to attorneys' fees. *See Darden v. Ford Consumer Finance Co., Inc.*, 200 F.3d 753 (11th Cir. 2000).